UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID A. GARCIA,<br>　　　Plaintiff | Case No. 1:10-cv-788 |
| vs | Beckwith, J.<br>Litkovitz, M.J. |
| JOSEPH NERLINGER, et al.,<br>　　　Defendants | REPORT AND RECOMMENDATION |

Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

　　　A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff, who is proceeding pro se, brings this action against Joseph Nerlinger, a police officer in Hamilton, Ohio, Brad Burress, a Butler County, Ohio prosecuting attorney, and Lyn Alan Cunningham, plaintiff's defense attorney in a criminal action. Plaintiff alleges that on May 23, 2007, defendant Nerlinger violated plaintiff's Fourth Amendment rights by drafting and presenting a false affidavit to the magistrate for purposes of establishing probable cause to

search a residence at 225 Cereal Avenue. Plaintiff alleges that discovery he received from defendant Nerlinger in a state court civil action (CV2008-03-1341) shows that certain facts withheld from the magistrate by defendant Burress would negate the finding of probable cause for the search warrant in the criminal action.

Plaintiff also alleges that on October 23, 2007, defendant Burress deliberately withheld facts relating to defendant Nerlinger's Fourth Amendment violation from the presiding judge at the suppression hearing. Plaintiff alleges that defendant Burress's actions violated his due process rights. Plaintiff alleges that upon uncovering defendant Nerlinger's deliberate misconduct on November 20, 2008, defendant Burress "conspired to conceal these violations."

The complaint further alleges that defendant Cunningham, plaintiff's defense attorney, violated plaintiff's Sixth Amendment right to the effective assistance of counsel on November 15, 2007, when he "deliberately withheld impeaching material evidence, given to him by the plaintiff, to be used against defendant Nerlinger, prior to the judge's November 30, 2007 decision to uphold the search warrant. . . ." Plaintiff alleges that defendant Cunningham conspired to conceal the impeaching material documents by filing it in plaintiff's name, pro se.

Plaintiff asserts these actions violate Ohio criminal statutes as well as his constitutional rights. As relief, he seeks $500,000 from each defendant.

Plaintiff's complaint against Prosecutor Burress must be dismissed because it seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's knowing

reliance on a police officer's false testimony at a search warrant hearing. *See Burns v. Reed*, 500 U.S. 478, 491 (1991). Where the challenged actions involve the prosecutor's role as an advocate for the state, the prosecutor is entitled to absolute immunity. *Id*. *See also Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Thus, plaintiff's claim that defendant Burress deliberately withheld facts about the search warrant from the judge overseeing the motion to suppress hearing is barred by absolute immunity. *Burns*, 500 U.S. at 491.

Plaintiff's allegation that defendant Burress "conspired to conceal these violations" after "the November 20, 2008, uncovering of defendant Nerlinger's deliberate misconduct" fails to state a claim for relief against defendant Burress. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged no facts in support of his conspiracy claim from which the Court can reasonably infer that defendant Burress violated plaintiff's constitutional rights. *Iqbal*, 129 S.Ct. at 1949. Therefore, plaintiff's conspiracy claim against defendant Burress should be dismissed.

In addition, plaintiff's complaint fails to state a claim for relief under Section 1983 against defendant Cunningham, his defense attorney in the above referenced state criminal

4

case.  In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the offensive conduct was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  As a lawyer representing a client, Mr. Cunningham was not a state actor within the meaning of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers).  *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).  Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against defendant Cunningham.

Plaintiff's complaint against defendant Nerlinger should be permitted to proceed.  At first blush, it appears that plaintiff's Fourth Amendment claim against Nerlinger may be barred by the applicable two-year statute of limitations.  *See Wallace v. Kato,* 549 U.S. 384, 397 (2007); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007).  An illegal search and seizure claim accrues on the date of the execution of the warrant.  *See Harper v. Jackson*, 293 F. Appx. 389, 392 n. 1 (6th Cir. 2008); *Pethtel v. Washington County Sheriff's Office,* No. 2:06-cv-799, 2007 WL 2359765, at *9 (S.D. Ohio, Aug. 16, 2007).  *See also Dominguez v. Hendley,* 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation.  Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial

claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit."). However, plaintiff's complaint suggests that he did not discover the violation until November 20, 2008 when he received discovery from defendant Nerlinger in a separate civil action. Without making a definitive ruling on the issue, the Court should permit plaintiff's Fourth Amendment claim against defendant Nerlinger to go forward at this juncture.

**IT IS THEREFORE RECOMMENDED:**

1. The complaint should be **DISMISSED** as to defendants Burress and Cunningham.

2. The complaint should be permitted to proceed against defendant Nerlinger.

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 11/15/2010                                           s/Karen L. Litkovitz
                                                                              Karen L. Litkovitz, Magistrate Judge
                                                                              United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID A. GARCIA,
    Plaintiff

vs

JOSEPH NERLINGER, et al.,
    Defendants

Case No. 1:10-cv-788

Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).