UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| David A. Garcia, | : | Case No. 1:10-cv-788 |
| Plaintiff, | : | |
| vs. | : | |
| Joseph Nerlinger, et al, | : | |
| Defendants. | : | |

**ORDER**

Before the Court are Plaintiff's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 8)  The Magistrate Judge conducted a sua sponte review of Plaintiff's complaint, pursuant to 28 U.S.C. §1915, to determine if Plaintiff's claims should be dismissed because they are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant.  After review, the Magistrate Judge concluded that Plaintiff's claims against defendants Brad Burress and Lyn Alan Cunningham should be dismissed, but that the claims against defendant Joseph Nerlinger should be permitted to proceed. (Doc. 4)  Plaintiff objects to the dismissal of claims against Cunningham.  (Doc. 8)

**FACTUAL BACKGROUND**

Plaintiff is an inmate at the Chillicothe Correctional Institution in Ohio, and his complaint alleges violations of his constitutional rights that occurred during a state criminal

proceeding against him.  The defendants are Joseph Nerlinger, a Hamilton, Ohio police officer; Brad Burress, a Butler County prosecutor; and Lyn Alan Cunningham, Plaintiff's defense attorney in that proceeding.  He alleges that Nerlinger violated his Fourth Amendment rights by presenting a false affidavit to a magistrate that led to a search of a residence.  He alleges that prosecutor Burress withheld facts from the magistrate in obtaining the search warrant, and again later during a suppression hearing in his case.  Plaintiff also alleges that Cunningham, his lawyer, violated his Sixth Amendment right to effective assistance of counsel when Cunningham conspired to withhold material evidence concerning the suppression motion and Officer Nerlinger.  He seeks an award of damages against all the defendants.

  The Magistrate Judge recommends that the complaint against prosecutor Burress be dismissed because he is absolutely immune from suit.  The law is clear that prosecutors are immune from suit based on conduct occurring while the prosecutor is acting as the state's advocate, in the course of judicial proceedings and trial.  See, e.g., <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993); and <u>Burns v. Reed</u>, 500 U.S. 478, 491 (1991).  Plaintiff concedes that this conclusion is correct.  (Doc. 8 at p. 5)

  The Magistrate Judge also recommends that Plaintiff's Section 1983 claims against Cunningham be dismissed because

-2-

Cunningham was not acting under color of state law in representing Plaintiff.  A defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983.  This is true whether the attorney is a public defender or is privately retained.  See Polk County v. Dodson, 454 U.S. 312 (1981); Fletcher v. Tennessee Dep't of Corrections, 876 F.2d 894, 1989 U.S. App. LEXIS 8559 at *3 (6th Cir. 1989) (unpublished).

Plaintiff objects to this recommendation, arguing that an exception exists for certain "investigatory" functions performed by a defense lawyer.  He also cites Strickland v. Washington, 466 U.S. 668, 691 (1984), which noted that one of defense counsel's duties is to make a reasonable investigation of a client's case. Plaintiff's complaint is premised upon Cunningham's actions and inactions while serving as Plaintiff's lawyer; the allegations do not allege or suggest a claim based upon an administrative or investigative policy.  See Branti v. Finkel, 445 U.S. 507 (1980), finding that a public defender's hiring and firing decisions were made on behalf of the state, and were not within the scope of a lawyer's traditional representative functions.  Moreover, Plaintiff's assertion of ineffective assistance of counsel may be raised in a state tort claim or in habeas proceedings, which the Supreme Court noted is normally the "most important form of

judicial relief" for ineffective assistance claims of incarcerated prisoners.  See Polk County, 454 U.S. at 325 n.18.

With respect to Plaintiff's claims against Officer Nerlinger, the Magistrate Judge recommended that those claims should proceed.  Plaintiff's complaint suggests that he discovered the facts supporting his claim in November 2008.  And the facts alleged in both the complaint and in Plaintiff's objections concerning Nerlinger are sufficient to permit the claim to proceed.

## CONCLUSION

After de novo review, the Court agrees with the Magistrate Judge's Report and Recommendation.  Plaintiff's claims against defendants Brad Burress and Lyn Alan Cunningham are dismissed with prejudice, and his claims against Officer Joseph Nerlinger will proceed in this case.

This Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore denies Plaintiff leave to appeal in forma pauperis. See McGore v. Wrigglesworth, 114 F.23d 601 (6th Cir. 1997).

SO ORDERED.

DATED: April_12, 2011      s/Sandra S. Beckwith
                           Sandra S. Beckwith
                           Senior United States District Judge