UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID A. GARCIA, | Case No. 1:10-cv-788 |
| Plaintiff, | Beckwith, J.<br>Litkovitz, M.J. |
| vs. | |
| JOSEPH NERLINGER, | **REPORT AND**<br>**RECOMMENDATION** |
| Defendant. | |

## I. Introduction

Plaintiff David A. Garcia, a pro se prisoner, filed his complaint on November 10, 2010 pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff initially named three individuals as defendants: Joseph Nerlinger, a police officer in Hamilton, Ohio; Brad A. Burress, a Butler County, Ohio prosecuting attorney; and Lyn Alan Cunningham, plaintiff's defense counsel in a criminal action. Defendants Burress and Cunningham were subsequently dismissed pursuant to this Court's sua sponte review of plaintiff's complaint finding that defendant Burress was entitled to absolute prosecutorial immunity and defendant Cunningham was not a state actor within the meaning of § 1983. (Docs. 4, 9). Plaintiff's remaining claim is best characterized as an illegal search claim. Plaintiff alleges that defendant Nerlinger violated his Fourth Amendment rights by knowingly submitting an affidavit containing false information for the purpose of establishing probable cause to search a residence at which plaintiff was staying.

Plaintiff's complaint includes the following allegations: on May 23, 2007, while acting under the color of law, defendant Nerlinger knowingly and with reckless disregard for the truth submitted a falsified search warrant affidavit to mislead a state court judge into issuing a search

warrant for the residence at 225 Cereal Avenue in Hamilton, Ohio. Plaintiff learned of these alleged constitutional violations when he received discovery responses from defendant Nerlinger on November 20, 2008 in connection with a state court forfeiture action. (Doc. 3).

This matter is currently before the Court on defendant's motion for summary judgment (Doc. 18), plaintiff's response in opposition (Doc. 22), and defendant's reply memorandum. (Doc. 23).[1]

## II. Undisputed Facts

Plaintiff was arrested on May 23, 2007, pursuant to a search of the residence at 225 Cereal Avenue, Hamilton, Ohio which resulted in the seizure of marijuana, $15,600.00 in U.S. currency, digital scales, and a nine millimeter handgun. (Doc. 18, Ex. 1, p. 2, ¶ 5, Affidavit of Defendant; *Id.*, pp. 6-16, property/evidence forms; Doc. 18, Ex. 2, Criminal Transcript; Doc. 22, ¶ 4, Affidavit of Plaintiff). This search was conducted pursuant to a warrant issued by an Ohio state court judge. (Doc. 18, Ex. 1, p. 3, Application and Affidavit for Search Warrant). On September 20, 2007, in the underlying criminal matter, plaintiff filed a motion to suppress the evidence attacking the validity of the May 23, 2007 search. (Doc. 18, Ex. 3, Motion to Suppress). In the motion to suppress, plaintiff asserted that "[t]he affidavit upon which the search warrant was based [contained] *deliberately false and misleading information provided by an informant and/or complainant.*" *Id.* (emphasis added). On December 13, 2007, plaintiff was convicted of possession and trafficking of marijuana. (Doc. 18, Ex. 4, Verdict Sheets; Doc. 18,

---

[1] On February 2, 2012, plaintiff filed a "Reply to Defendants' Reply Memorandum." (Doc. 24). Under the Local Rules of the United States District Court for the Southern District of Ohio, a party is permitted to file a memorandum in opposition "within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." S.D. Ohio Civ. R. 7.2 (a)(2). The moving party may then file a reply memorandum; however, "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.23(a)(3). Plaintiff did not seek leave of Court prior to filing his sur-reply brief. Accordingly, this memorandum was not considered by the Court in deciding the instant motion.

Ex. 5, Judgment of Conviction Entry).

Plaintiff appealed his conviction to the Twelfth District Ohio Court of Appeals. (Doc. 18, Ex. 7, Appellate Court Docket Sheet). Plaintiff asserted the trial court erred by denying the motion to suppress. (Doc. 18, Ex. 8, Appellate Court Decision).[2] On June 9, 2009, the appellate court affirmed the trial court's denial of the motion to suppress, noting that it found the affidavit supporting the search warrant to be reliable as it was premised on "information gathered from informants, an anonymous complainant and corroborating information from the police stakeout and investigation." *Id.* The appellate court noted that it had already upheld the search warrant and underlying affidavit pursuant to prior challenges raised by plaintiff's co-defendants in the criminal proceedings. *Id.*

## III. Motion for Summary Judgment

Defendant Nerlinger moves for summary judgment asserting: 1) plaintiff's § 1983 claim is barred by the applicable statute of limitations; 2) the *Rooker-Feldman* doctrine mandates dismissal of plaintiff's claim; 3) the action is barred by claim and issue preclusion; and 4) defendant is entitled to qualified immunity. In opposition, plaintiff contends that his § 1983 claim is premised on "newly discovered facts" which were disclosed by defendant in 2008 in the discovery phase of a civil forfeiture action conducted after the plaintiff's criminal conviction; consequently, plaintiff asserts his complaint was timely filed. Plaintiff further argues that he is not challenging the underlying criminal court holdings and, therefore, the *Rooker-Feldman* doctrine does not apply nor is the instant action subject to claim or issue preclusion as it is based

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record" and the undersigned here has done so by obtaining the court docket, pleadings, and various filings from the Butler County Clerk of Courts for the State of Ohio. *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

on information that was not raised during his underlying criminal case. Lastly, plaintiff contests defendant's qualified immunity defense. In reply, defendant asserts plaintiff has failed to support his arguments with facts in the record as required under the Federal Rules of Civil Procedure and, further, that plaintiff's arguments are belied by his obvious attempt to utilize this federal lawsuit to challenge the outcome of his Ohio state criminal conviction.

## IV. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

When a defendant has identified the shortfall in a plaintiff's case, the plaintiff must come forward with evidence establishing a material issue of fact for resolution by the fact-finder. *Anderson*, 477 U.S. at 252. The Court is not obligated to "comb through the record to ascertain whether a genuine issue of material fact exists." *Cacevic v. City of Hazel Park*, 226 F.3d 483,

4

492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407, 410 (6th Cir. 1992)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

**V. Resolution**

The Fourth Amendment secures "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. To succeed on his § 1983 claim that defendant violated this Fourth Amendment right, plaintiff must present evidence that defendant "knowingly and deliberately, or with reckless disregard for the truth [made] false statements or omissions that create a falsehood and such statements or omissions are material, or necessary to the finding of probable cause." *Peet v. City of Detroit*, 502 F.3d 557, 570 (6th Cir. 2007) (Holschuh, J., concurring in part) (citing *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000)) (internal quotations omitted). Generally, "[p]olice officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search . . . ." *Yancey v. Carroll Cty., Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989). However, "an officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant." *Id.* Where a plaintiff asserts that an officer has included false information in an affidavit in order to obtain a warrant, the Sixth Circuit has held

5

that an officer may be entitled to qualified immunity if "the accurate portions of the testimony suffice to establish probable cause." *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003). However, in this case it is unnecessary to reach the issue of whether defendant Nerlinger is entitled to qualified immunity from plaintiff's § 1983 claim because plaintiff's has failed to make the requisite evidentiary showing that the affidavit at issue included false statements.

Plaintiff's complaint alleges that defendant Nerlinger presented a deliberately misleading affidavit to the state court judge in order to obtain a warrant to search 225 Cereal Avenue in Hamilton, Ohio. (Doc. 3, p. 5). Plaintiff further alleges that discovery received from defendant in a related 2008 civil forfeiture proceeding forms the basis of these allegations. *Id.* at p. 6. Yet, the evidence presented by plaintiff in response to defendant's motion for summary judgment does not demonstrate that any of the information contained within the affidavit was false, much less that defendant included the purported false statements "knowingly and deliberately, or with reckless disregard for the truth." *Peet*, 502 F.3d at 570. As plaintiff has failed to meet his evidentiary burden, defendant is entitled to judgment as a matter of law.

In his memorandum in opposition, plaintiff identifies the 2008 discovery responses, consisting of four interrogatories and 24 requests for admissions, that he claims prove defendant deliberately misled the state court judge in order to obtain the search warrant for 225 Cereal Avenue which led to plaintiff's arrest and conviction. However, much of the evidence proffered by plaintiff is inadmissible and the remainder fails to establish the existence of any facts supporting his claim. The Court will address plaintiff's proffered evidence in turn.

At the outset, the Court notes that under both the Ohio and Federal Rules of Civil Procedure the requests for admissions from the 2008 civil forfeiture matter are inadmissible in the instant proceedings. The Ohio Rules of Civil Procedure state that "[a]ny admission made by

6

a party under this rule is for the purpose of the pending action only and is not an admission by the party *for any other purpose nor may it be used against the party in any other proceeding.*" Ohio R. Civ. P. 36(B) (emphasis added). Likewise, Federal Rule of Civil Procedure 36(b) provides that "[a]n admission under this rule is not an admission for any other purpose and *cannot be used against the party in any other proceeding.*" Fed. R. Civ. P. 36(b) (emphasis added). Consequently, plaintiff is precluded from using the November 2008 requests for admission as evidence against defendant in this lawsuit. Regardless, the discovery does not support plaintiff's claim. For the purposes of illustration only, the Court will address the admissions presented by plaintiff.

Plaintiff argues that defendant perjured himself when he denied taking surveillance photos of the red Dodge truck described in his affidavit in the 2008 discovery (Doc. 16, Ex. 1, p. 7), while responding in the affirmative to the same request to admit in the instant case. Despite the fact that the 2008 admission is not properly before the Court, plaintiff has failed to properly support this assertion with evidence of the 2011 discovery responses. Rather than submitting the discovery as an exhibit in responding to defendant's motion for summary judgment, plaintiff has merely typed the purported contradictory discovery responses into his memorandum. This method of presenting evidence does not comport with the requirements of Fed. R. of Civ. P. 56(c).

Although the Court is mindful of plaintiff's pro se status, he still bears the burden of setting forth evidence demonstrating that a genuine issue of material fact exists. *See Torba v. J.M. Smucker Co.*, 888 F. Supp. 851, 853 (N.D. Ohio 1995) (pro se plaintiff must present evidence "setting forth specific facts demonstrating a genuine issue of material fact where the opposing party has moved for summary judgment.") (*citing Black v. Parke*, 4 F.3d 442, 448 (6th

Cir. 1993) (same)). As discussed above, the November 2008 discovery responses cannot be considered as evidence in this matter, *see* Ohio R. Civ. P. 36(B); Fed. R. Civ. P. 36(b), and plaintiff has failed to properly submit evidence of the 2011 discovery. *See* Fed. R. Civ. P. 36 (c)(1)(A) (at summary judgment a party "asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ."). Moreover, even if this evidence were admissible, whether or not defendant took surveillance photos of the truck has no bearing on plaintiff's claim that defendant falsified information for the purpose of obtaining a warrant. The underlying affidavit contains no representation that defendant or any other individual took photographs of the vehicle.[3] Nor has plaintiff presented evidence demonstrating that photographs of the red truck were material to the finding of probable cause. The claimed inconsistency in defendant's discovery responses is simply not probative or relevant to plaintiff's § 1983 action. Thus, the issuing judge's probable cause finding was not based on information relating to photographs and, on this score, defendant would be entitled to qualified immunity. *See Vakilian*, 335 F.3d at 518.

Additionally, plaintiff's § 1983 claim cannot be premised solely upon alleged discrepancies between defendant's 2008 and 2011 discovery responses. Even if the admissions

---

[3] The affidavit provides the following with respect to the vehicle at issue:

> Information was also received from the DEA that a vehicle that was being rented, a red Dodge Ram, through Enterprise and being driven by the suspected Phoenix [drug] dealer and [plaintiff's criminal co-defendant] Jeff Craft. On multiple occasions agents of the [Butler County Sheriff's Office Vice Unit] was (sic) able to locate the truck. While conducting surveillance the Dodge truck was seen outside of the suspected residence of Jeff Craft. The vehicle was rented from Enterprise and was rented by a Sandra Ashdown. Sandra Ashdown was later found to be Jeff Craft's stepmother. . . . The cooperative defendant of the DEA also stated that the individual responsible for [a nearby] shooting incident on the Westside of Hamilton was a black male by the name of "J" from Arizona who was operating a red truck.

(Doc. 18, Ex. 1).

were properly in evidence and it were determined that defendant provided false or contradictory discovery responses, this conduct does not give rise to a Fourth Amendment claim of an unreasonable search. The only relevant inquiry is whether plaintiff has submitted evidence which demonstrates the existence of a genuine issue of material fact as to whether defendant made purposeful misrepresentations in securing the affidavit at issue in contravention of the Fourth Amendment's guarantee against unreasonable searches. The evidence proffered by plaintiff falls short. Plaintiff has failed to construct a logical bridge between the evidence and his conclusion that purported discrepancies in the discovery responses demonstrate that defendant knowingly included false statements in the affidavit.

Plaintiff further asserts that the following 2008 discovery responses demonstrate that defendant Nerlinger "recklessly included a knowingly false statement" in the underlying affidavit:

> [Admission #14:] Was the statement by the "cooperative" defendant of the D.E.A., about an Arizona drug run by the red Dodge truck rented through Enterprise, presented within the four corners of the search warrant affidavit?
>
> **Response**: Yes[4]
>
> Interrogatory [#3] When did you inform the prosecutor, Mr. Burress about the "cooperative" defendant's claim that a [r]ed Dodge Truck was used on a drug run from Ohio, to Arizona and back to Ohio? Give date.
>
> **Response**: When case was turned over to Prosecutor's Office. Do not recall exact date.

(Doc. 16, Ex. 1, pp. 1, 14). Plaintiff does not provide any argument explaining how these discovery responses demonstrate that defendant included a knowingly false statement in the

---

[4] The Court notes again that the 2008 admissions are not being considered as evidence, but are addressed solely to illustrate that plaintiff has not met his burden at the summary judgment stage. *See* Ohio R. Civ. P. 36(B); Fed. R. Civ. P. 36(b).

affidavit, recklessly or otherwise. Further, the affidavit itself contains no statements that the truck being surveilled was driven to Arizona and back to Ohio. The only information contained in the affidavit is that the stepmother of plaintiff's criminal co-defendant rented a red Dodge truck and that a suspected drug dealer from Arizona was witnessed driving a red truck. *See* Doc. 18, Ex. 1. While defendant's discovery responses could be read as an acquiescence to the implication contained in the above discovery requests - that a red truck was being used to run drugs between Ohio and Arizona – the form of the requests themselves do not allow for such a linear conclusion. A reasonable interpretation of defendant's responses is that he included the information provided by the cooperative informant in the search warrant and that he told the prosecutor about the informant when the case was turned over to that office. Again, even if the discovery was properly before the Court, it is not sufficient to support a Fourth Amendment wrongful search claim.

As best the Court can discern, plaintiff is attempting to show that defendant did not include all the relevant information in the search warrant affidavit at the time it was presented to the issuing judge. However, plaintiff's § 1983 claim is that defendant made misrepresentations in the affidavit in order to obtain a warrant which, excluding defendant's alleged untruths, would not have issued for lack of probable cause. However, the discovery cited by plaintiff fails to support this claim.

Assuming that plaintiff proffered the 2008 admission, Admission #14, to demonstrate that the affidavit did not include the entirety of the cooperative defendant's statement, there is no evidence presented that its inclusion would have foreclosed a probable cause finding. Further, the interrogatory cited above pertains to information presented to the prosecutor's office *after* the warrant issued and, thus, is not germane to plaintiff's claim. Plaintiff argues that the mileage on

the truck referenced in the affidavit forecloses the possibility that the truck was driven to Arizona and back to Ohio to illegally transport narcotics. However, plaintiff has provided no evidence to the Court as to the mileage on the truck. Further, defendant's affidavit does not assert that the truck was used for this purpose. The affidavit merely states that individuals associated with drug trafficking and/or 225 Cereal Avenue, the residence subject to the search warrant, were involved with renting and/or driving the red truck.

The Court is unable to glean any factual information from these responses that supports plaintiff's § 1983 claim that defendant falsified the affidavit supporting the search warrant. In fact, these responses contradict plaintiff's claim as they demonstrate that the affidavit contained all the relevant information and that defendant subsequently presented the information to the prosecutor's office. Again, plaintiff fails to provide any supporting argument demonstrating how these discovery responses are evidence supporting his claim that defendant recklessly included information in the affidavit which he knew to be false.

Plaintiff also identifies several discovery responses from November 3, 2011 to support his claim that defendant Nerlinger "knew information was false." Specifically, plaintiff cites to the following discovery responses:

(#10) Why did you fail to inform Judge Hedric that the red Dodge truck had been returned to Enterprise on April 16, 2007?
**Response**: I did not consider that to be material.

(#21) Why did you fail to inform the prosecutor that the red Dodge truck had been returned to Enterprise on April 16, 2007?
**Response**: I answered every question that was asked by the prosecutor and three defense attorneys.

(#22) Why did you fail to inform Judge Hedric that the mileage on the rental agreement failed to link Sandra Ashdown to an alleged drug run in the rented red Dodge truck?
**Response**: I did not believe that I could reach these conclusions.

11

> (#23) Why did you fail to inform the prosecution that the mileage on the rental agreement failed to link Sandra Ashdown to an alleged drug run in the rented red Dodge truck?
> **Response**: I did not believe that I could necessarily conclude that at the time.

(Doc. 22, pp. 5-6). As discussed previously, the 2011 discovery responses are not properly before the Court as plaintiff has not submitted them into evidence. Further, these responses cannot form the basis for plaintiff's § 1983 claim which plaintiff asserts is premised on information plaintiff received pursuant to discovery in 2008. Lastly, these responses contain no facts demonstrating that the affidavit authored by defendant was deliberately misleading.

Plaintiff has provided no evidence, supporting his claims that: (1) defendant falsified information in the affidavit; (2) defendant perjured himself in submitting disparate discovery responses; or (3) that his § 1983 cause of action is premised on facts acquired in November 2008.[5] Nor does plaintiff contend that he is unable to present facts establishing a genuine issue of material fact which would justify deferring ruling on this motion. *See* Fed. R. Civ. P. 56(d). Rather, the evidence submitted simply fails to "set forth specific facts showing that there is a

---

[5] It also appears that plaintiff's claim is barred by the applicable statute of limitations. The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). Despite this Court's Report and Recommendation, issued pursuant to a *sua sponte* review of plaintiff's complaint (Doc. 4), noting that plaintiff's complaint may have been timely filed as allegations in the complaint indicated that the bases of the § 1983 claim stemmed from the November 2008 discovery, the evidence cited by plaintiff fails to demonstrate that there is any genuine issue of material fact as to when plaintiff's claim accrued. The statute of limitations on plaintiff's § 1983 claim began to run when plaintiff knew or had "reason to know of the injury which is the basis of his action." *Rodriguez v. City of Cleveland*, 439 F. App'x 433, 458 (6th Cir. 2011) (quoting *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). "A plaintiff, moreover, 'has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Id.* The undersigned finds that the statute of limitations for plaintiff's cause of action started to run, at the latest, on September 20, 2007, the date that he filed his motion to suppress arguing that the "warrant was based on deliberately false and misleading information . . . ." (Doc. 18, Ex. 3). Consequently, plaintiff's claim against defendant Nerlinger is barred by the applicable statute of limitations.

genuine issue for trial."[6] *Anderson*, 477 U.S. at 248. Accordingly, defendant's motion for summary judgment should be granted.

## VI. Conclusion

For these reasons, the court hereby **RECOMMENDS** that defendant Nerlinger's motion for summary judgment (Doc. 18) be **GRANTED,** that all claims against defendant Nerlinger be **DISMISSED,** and that this case be **DISMISSED** on the docket of the Court.

Date: 4/5/12

Karen L. Litkovitz
United States Magistrate Judge

---

[6] As plaintiff has failed to present evidence establishing a genuine dispute as to any material fact, the Court declines to reach defendant's remaining arguments.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID A. GARCIA,

    Plaintiff,

vs.

JOSEPH NERLINGER,

    Defendant.

Case No. 1:10-cv-788

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>David A. Garcia #568-239<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes | |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8389 9029 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |